

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-3-2008

# Lie v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-2426

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Lie v. Atty Gen USA" (2008). *2008 Decisions.* Paper 1070.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1070

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 07-2426
_____

FENNY VARANI LIE,
                              Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A98-477-533
(U.S. Immigration Judge:  Honorable Miriam K. Mills)

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
June 2, 2008

Before: SCIRICA, Chief Judge, CHAGARES and ALDISERT, Circuit Judges.

(Filed:  June 3, 2008)
_____

OPINION OF THE COURT
_____

PER CURIAM.

Fenny Varanie Lie ("Lie") petitions for review of the April 9, 2007 decision of the

Board of Immigration Appeals ("BIA") affirming the Immigration Judge's ("IJ") denial

of her application for asylum, withholding of removal, and protection under the United

Nations Convention Against Torture ("CAT"). For the following reasons, we will deny the petition for review.

**I.**

Lie is a thirty-six year old ethnic Chinese citizen of Indonesia who arrived in the United States in June 2003 and overstayed her visa. In June 2004, she filed an application for asylum, withholding of removal, and CAT protection, claiming past persecution and a fear of future persecution on account of her gender, ethnicity, and Christian faith. A removal hearing was held on August 23, 2005. At the hearing, Lie testified that she was physically attacked in 2002 after she was approached in a mall parking lot by two individuals on a motorcycle who demanded money from her and made an anti-Chinese slur. After taking the money, the assailants allegedly pushed her to the ground. She claimed that she suffered a sore stomach and injuries to her forearm and was hospitalized for two days as a result of the attack. Additionally, she testified that she frequently suffered gender-based harassment from unidentified individuals, and that her parents' store in Surabaya, Indonesia was destroyed in August 2003 as a result of a fire in which twenty businesses, mostly Chinese owned, were burned.

Following the removal hearing, the Immigration Judge issued an oral decision denying Lie's application in its entirety. First, the IJ found that Lie's testimony was not credible because she gave inconsistent statements regarding the month in which she was attacked. Aside from the credibility determination, the IJ concluded that the attack was a

2

"personal crime" and was not severe enough to constitute persecution. The IJ also determined that Lie did not reasonably explain why she did not call her husband as a witness to corroborate her testimony. Next, the IJ concluded that Lie did not demonstrate the existence of a pattern or practice of persecution against similarly situated individuals in Indonesia. The IJ acknowledged that Lie had submitted an expert affidavit addressing mistreatment of ethnic Chinese Christians in Indonesia, but IJ found that the affidavit was unpersuasive in rebutting the evidence of country conditions reflected in the 2004 United States Department of State Country Report on Human Rights Practices in Indonesia ("2004 Country Report") and the 2004 United States Department of State International Religious Freedom Report for Indonesia ("2004 International Religious Freedom Report"), since the expert did not testify at the removal hearing and no reasonable explanation was given for his failure to appear. Further, the IJ found that Lie had failed to demonstrate government involvement in the anti-Chinese violence. As for the alleged destruction of Lie's parents' place of business, the IJ noted that the police report addressing the incident did not identify a motive and that Lie admitted at the hearing that she did not know the cause of the fire. The IJ also determined that Lie was unable to lay a proper foundation for the police report due to inconsistencies in her testimony regarding the contents of that document. Finally, the IJ determined that Lie was not entitled to relief based on her claim of gender-based harassment.

On appeal to the BIA, Lie raised the following claims: (1) the IJ violated Lie's due process rights by admitting the asylum officer's assessment memorandum into evidence and citing to that document in support of the adverse credibility determination; (2) the IJ improperly found that the attack against Lie did not constitute past persecution; and (3) the IJ erred in determining that there existed no pattern or practice of persecution against Chinese Christians in Indonesia, ignoring the evidence of country conditions reflected in the expert affidavit. In dismissing the appeal, the BIA rejected Lie's claim that the assessment memo was improperly admitted into evidence, and expressly adopted and affirmed the IJ's determination that Lie had failed to satisfied her burden of demonstrating past persecution or a well-founded fear of future persecution. The BIA repeated the IJ's finding that Lie's testimony regarding the 2002 attack was not credible, and adopted the IJ's conclusion that, even if Lie had presented credible testimony, the incident did not rise to the level of persecution. In addition, the BIA adopted the IJ's conclusion that Lie had failed to show a pattern or practice of persecution against Chinese Christians in Indonesia. The BIA also credited the IJ's observation that Lie's parents had been residing in Indonesia without experiencing any problems. Finally, the BIA rejected Lie's argument concerning the expert affidavit, noting that Lie's attorney had conceded at the removal hearing that the document was entitled to diminished weight because the expert was not available for cross-examination regarding his credentials and opinions.

Lie has filed a petition for review of the BIA's decision. We have jurisdiction pursuant to 8 U.S.C. § 1252(a)(1). Where, as here, the BIA has expressly adopted and affirmed a portion of the IJ's decision, and has provided additional reasons for dismissing the appeal, we may review both the BIA's and IJ's decisions. See Voci v. Gonzales, 409 F.3d 607, 612-13 (3d Cir. 2005). Administrative findings of fact are reviewed for substantial evidence and must be upheld unless any reasonable factfinder would be compelled to conclude to the contrary. 8 U.S.C. § 1252(b)(4)(B); Zheng v. Gonzales, 417 F.3d 379, 381 (3d Cir. 2005).

**II.**

To qualify for asylum under 8 U.S.C. § 1158(b)(1), Lie must establish that she is unable or unwilling to return to Indonesia because of "persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A). A fear of persecution is well founded if the applicant can show that "there is a reasonable possibility he or she would be singled out individually for persecution," or that "there is a pattern or practice . . . of persecution of a group of persons similarly situated." 8 C.F.R. § 208.13(b)(2)(iii). We have explained that "to constitute a pattern or practice, the persecution of the group must be systemic, pervasive, or organized . . . [and] committed by the government or forces the government is either unable or unwilling to control." Lie v. Ashcroft, 396 F.3d 530, 537 (3d Cir. 2005) (internal quotation marks and citations omitted).

5

Lie argues that the agency neglected to give any consideration to the expert affidavit that she submitted with her application. In the affidavit, which is dated June 7, 2005, the expert observed that conditions in Indonesia had been deteriorating for Indonesia's ethnic Chinese population. In addition to providing specific examples of anti-Chinese violence occurring as recently as 2004, he concluded that "there is an undeniable pattern and practice of attacks against Indonesia's ethnic Chinese citizens," and that "ethnic Chinese Indonesians, particularly if they are Christians, face a real and substantial future likelihood of persecution in the form of intimidation, threats to personal safety and well being, and physical harm." (A.R. 23.) It is clear from the IJ's decision that she did not ignore the affidavit, but considered it as evidence of current country conditions. However, because the expert was not called as a witness at the removal hearing, the IJ found that the affidavit was unpersuasive in rebutting statements in the State Department reports indicating a general increase in religious tolerance throughout Indonesia.[1] We conclude that the agency's finding of no pattern or practice of persecution is adequately supported by the State Department reports, and Petitioner's

---

[1] Although the 2004 Country Report acknowledges that there have been recent occurrences of ethnic and religious conflict in Indonesia, the document also states that "[i]nstances of discrimination and harassment of ethnic Chinese Indonesians declined compared with previous years," and the government of Indonesia "officially promotes racial and ethnic tolerance." (A.R. 149.) Moreover, the 2004 International Religious Freedom Report mentions that "notable advances in interreligious tolerance and cooperation occurred during the period covered by this report." (A.R. 152.)

arguments do not compel reversal of that finding.  See Lie, 396 F.3d at 537-38; Ambartsoumian v. Ashcroft, 388 F.3d 85, 89-91 (3d Cir. 2004).

We next address Lie's claim that her due process rights were violated because the IJ "played an inappropriate and prosecutorial role" at the removal hearing.  We agree with the government that this claim is unexhausted because it was not presented to the BIA. See 8 U.S.C. § 1252(d)(1); Abdulrahman v. Ashcroft, 330 F.3d 587, 594-95 (3d Cir. 2003).  In any event, the claim is without merit, since Lie has not cited to any evidence in the record supporting her assertion that the IJ behaved inappropriately at the hearing.

Lie also suggests in her brief that the adverse credibility determination is not worthy of deference because it is solely based on de minimis discrepancies.  We conclude that this claim is also unexhausted because it was not presented to the BIA.  Moreover, assuming arguendo that Lie had given credible testimony at the removal hearing, we believe that the BIA appropriately determined that the 2002 attack, although unfortunate, did not rise to the level of persecution.  Ahmed v. Ashcroft, 341 F.3d 214, 217 (3d Cir. 2003) (quoting Fatin v. INS, 12 F.3d 1233, 1240 (3d Cir. 1993)) (stating that "persecution connotes extreme behavior, including 'threats to life, confinement, torture, and economic restrictions so severe that they constitute a threat to life or freedom'").

Because the BIA properly determined that Lie did not meet her burden of demonstrating eligibility for asylum, she also failed to satisfy the more stringent standard for obtaining withholding of removal.  See Lukwago v. Ashcroft, 329 F.3d 157, 182 (3d

7

Cir. 2003). In addition, the record adequately supports the BIA's determination that Lie did not establish her eligibility for CAT protection.

## III.

For the foregoing reasons, we will deny the petition for review.